## BRENNAN v. BALTIMORE & O. R. CO.

District Court, E. D. New York.

April 29, 1940.

William Paul Allen, of New York City (Eugene P. Fitzpatrick, of New York City, of counsel), for plaintiff.

Harold R. Oakes, of New York City (Robert Schwebel, of New York City, of counsel), for defendant.

GALSTON, District Judge.

On the rendition of the jury's verdict for the plaintiff in the sum of forty thousand dollars, all motions of the defendant were denied save that decision was reserved on the questions of the weight of the evidence and the amount of the verdict.

At all times the burden was on the plaintiff to prove by a fair preponderance of the credible evidence that his injuries resulted from the negligence of the defendant.

Credibility, it seemed to me, was a fundamental consideration. Had the jury believed the defendant's witnesses its verdict should have been for the defendant. Obviously the jury did not attach belief to their testimony. Perhaps the first doubt arose from the testimony of Ogden, the engineer, in respect to the position of the de-rail lever, as he saw it after the accident, for the jury could well have reached the conclusion that with the lever in the position which he described, the de-rail block could not have been flat on the track rail. So too Taylor added to this doubt, for his statement described the lever, as he saw it after the accident, as "half-cocked". To remain in such position, the lever must have removed the de-rail from the track, though not to a bedding in the socket provided off the track rail. Manipulation of the de-rail apparatus in the court-room disclosed that if the lever were released in its operation from right to left at any point short of a midway position between the vertical (or midway point) and some point beyond to the left, the lever would automatically return to its original position at the extreme right. So it follows that if Ogden and Taylor found the lever in fixed position "half-cocked" the de-rail could not have been as they also testified on the rail track. Conversely, if the de-rail block was, as they said, flat on the rail track immediately after the accident, the lever could not have been in half-cocked position.

Once such a critical doubt arose in the jury's mind, if it did arise and as it very well might have arisen, doubts as to credi-

bility of other witnesses possibly followed, sufficient to destroy defendants' explanation "that it had exercised due care to furnish a safe equipment." Schroble v. Lehigh Valley R. Co., 2 Cir., 62 F.2d 993, 996.

In such an analysis it is reasonable to infer that weight of what the jury regarded as "credible" evidence supports the verdict.

The amount of the verdict is another matter. Whether the jury found contributory negligence is not possible to determine, and so it is not possible to say whether there was an apportionment of damage. That the plaintiff was negligent is established by his own testimony (the jury may have wholly discounted the hospital statement procured by the claim agent and another official of the defendant obtained by them within a few weeks of the accident—when the plaintiff had no one present to protect him from a completely controlled examination by the Railroad Company) at the trial. He admitted that he did not see the de-rail after he had completed the movement of the lever; nor did he light the target. There is, of course, no yardstick available to measure damages. Pinioned as he was against the bank with a freight car pressing his abdomen and waist, with broken pelvis and sacroilium injury, he must have suffered intense, excruciating pain, which, however, is difficult to measure in dollars. His earning power was about $2,000 annually; he was fifty-one years of age at the time of the accident and had an expectancy of twenty years. It does not appear that the jury paid sufficient attention to the instruction that money has a present earning power. Had he worked for twenty years he would have earned a total at most of $40,000. It appears that $15,832.94 invested at 4% would provide an immediate annuity of $1,300. With due allowance to the item of pain and suffering, and also to the absence of necessity for further work in a hazardous occupation, it would seem that the verdict should be reduced to twenty-five thousand dollars.

In view of the foregoing, the motion to set aside the verdict and for a new trial will be granted unless the plaintiff stipulates within ten days from the entry of the order hereon, to accept the reduced sum. Settle order.